■ STEVEN W. MELNICK, Respondent-Appellant, v SOLOW MANAGEMENT CORPORATION, Appellant-Respondent. — Judgment, Supreme Court, New York County (Bowman, J.), entered November 24, 1982, is unanimously modified, on the law and the facts, to vacate paragraphs 1 and 2 of the judgment, and to declare that plaintiff tenant may install mirrors subject to the removal provisions of the lease and otherwise affirmed, without costs. The appeal by defendant from that portion of the judgment permitting plaintiff to install a washer and dryer is dismissed as moot, without costs. Paragraph (C) of article 5 of the lease requires, *inter alia,* that prior to expiration of the lease, the tenant is required, at his own cost and expense, to "remove any wall covering, bookcases, bookshelves, cabinets, *mirrors,* painted murals, or any attachments Tenant may have installed." (Emphasis added.) Since tenant must remove any mirrors installed, pursuant to this provision, he must have the right to install them in the first instance. Paragraph 19 of article 36 of the lease, prohibiting wall coverings without prior written consent, does not include mirrors in its express terms. The installation of such mirrors is a nonstructural change and does not constitute a substantial violation of the tenancy. In addition, we note the judgment, as modified, provides a total of $6,850 security by tenant for the restoration of the apartment to its original condition, in the event of plaintiff's failure to do so upon the expiration of the lease. It appears the washer and dryer were removed from the apartment before the running of the notice to cure sent by defendant landlord. Thus, the appeal by defendant from that portion of the judgment dealing with the washer and dryer is dismissed as moot. Concur — Asch, J. P., Bloom, Fein and Milonas, JJ.